IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KENTON INGLE, individually, ) | |
| and on behalf of minor ) | |
| Plaintiff A.I., ) | Case No. 20-2011-DDC-GEB |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| TLC TRUCKING, LLC and ) | |
| GILBERT BARRANCA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER APPROVING SETTLEMENT OF MINOR'S CLAIMS

Now on this 29th day of March, 2022, the court takes up the Joint Motion for Approval of Minor Settlement (Doc. 74) in the matter of *Kenton Ingle, individually and on behalf of minor Plaintiff A.I. v. TLC Trucking, LLC and Gilbert Barranca,* Case No. 2:20-CV-2011. Plaintiff appears by and through his attorney of record Michael Kilgore. Defendants TLC Trucking, LLC and Gilbert Barranca appear through their attorney of record, Michael K. Hobbs.

This lawsuit arises from a motor vehicle collision. Doc. 69 at 4 (Pretrial Order ¶¶ 2.a.18.–20.); Doc. 19 at 4 (First Am. Compl. ¶ 20). Plaintiffs filed this lawsuit against defendants alleging negligence claims under Kansas common law. Doc. 19 at 4–8 (First Am. Compl. ¶¶ 23–36). The court exercises diversity jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* at 3 (First Am. Compl. ¶ 13); *see also* Doc. 69 at 1 (Pretrial Order ¶ 1.a.).

Kansas law treats minors "similarly as persons under legal disability[.]" *In re Est. of Wise*, 890 P.2d 744, 749 (Kan. Ct. App. 1995). Kansas law requires court approval of a settlement contract before it can bind a minor plaintiff. *Childs By & Through Harvey v. Williams*, 757 P.2d 302, 303 (Kan. 1988). Kansas law requires courts "to exercise extensive

oversight, ensuring that the injured minor's claims are not sold short by an agreed settlement merely outlined at a 'friendly' hearing." *White v. Allied Mut. Ins. Co.*, 31 P.3d 328, 330 (Kan. Ct. App. 2001). Courts "'may not simply rely on the fact that the minor's parents have consented to the proposed agreement. Instead, the court must determine whether the agreement is in the minor's best interests.'" *Id.* (quoting *Baugh v. Baugh ex rel. Smith*, 973 P.2d 202, 205 (Kan. Ct. App. 1999)). Consistent with this Kansas law, the court applies these principles to evaluate this settlement, which involves a minor.

The court, having heard the evidence and statements of counsel at the March 29 hearing, having considered the Joint Motion for Approval of Minor Settlement and being fully advised, finds that the facts set forth in the Joint Motion are true and correct, and finds that the terms of the settlement agreement and release are fair and reasonable and that settlement of the claims against Defendants is in the best interest of plaintiff A.I.—a minor—and therefore authorizes Kenton Ingle, Natural Father and legal guardian of A.I., on behalf of the minor, to release defendants TLC Trucking, LLC and Gilbert Barranca in consideration of the total amount of **Twenty-Four Thousand Seven Hundred Eighty-Seven Dollars and Sixty Five Cents ($24,787.65).**

**IT IS THEREFORE ORDERED** by the court as follows:

1. The proposed settlement of the claims asserted against Defendants is fair, reasonable, and proper and the court hereby approves the settlement of those claims;

2. That the total amount of **Twenty-Four Thousand Seven Hundred Eighty-Seven Dollars and Sixty-Five Cents ($24,787.65)** is to be disbursed as follows:

    a. **Twenty-Four Thousand Seven Hundred Eighty-Seven Dollars and Sixty-Five Cents ($24,787.65)** shall be placed in a restricted

interest-bearing account to be used exclusively for the care, maintenance, support, and benefit of A.I., and for no other purpose. The account shall be maintained as a restricted interest-bearing account until A.I. reaches the age of eighteen.

3. Plaintiff and defendants are not aware of outstanding liens related to plaintiff A.I.'s claims. However, plaintiff Kenton Ingle agrees to satisfy fully and completely any and all valid outstanding liens which have been asserted, including but not limited to any hospital or medical liens, or any outstanding bills arising out of the above-described Occurrence out of the proceeds of this settlement.

4. Kenton Ingle, as Natural Father and legal guardian of A.I., is authorized and directed to execute the settlement agreement and release and such other settlement documents as are reasonably required, and to release defendants TLC Trucking, LLC and Gilbert Barranca from any and all liability to the minor on account of all injuries and damages sustained by the minor as more fully described in the Complaint and per the terms of the settlement agreement and release, which release is and shall forever be binding upon said minor.

5. Upon payment having been made by defendants to plaintiff in the amount ordered, defendants TLC Trucking, LLC and Gilbert Barranca shall be released from any and all further liability to plaintiffs.

6. The court finds that the total settlement of payments as set forth herein is a fair and reasonable compromise and settlement of all claims brought or which could have been brought arising out of the alleged personal injuries of plaintiff A.I. and by and on behalf of anyone who has sued or is entitled to sue or join in said claims against defendants.

7. After taking into consideration the nature of the liability in this matter, the court finds that the settlement agreement and release is proper and in the best interest of the minor plaintiff A.I. and approves the same.

8. Defendants shall cause payment for the total settlement proceeds to issue as agreed to by the parties and approved by this court.

9. Plaintiff Kenton Ingle shall file a dismissal with prejudice within seven (7) days of receiving the total settlement proceeds.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' Joint Motion for Approval of Minor Settlement (Doc. 74) is granted.

**IT IS SO ORDERED.**

**Dated this 29th day of March, 2022, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**